IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COSME SANCHEZ RAMIREZ,

    Plaintiff,

v.                                    Civil Action No. 5:09CV92
                                                      (STAMP)

DR. MACE and
KUMA DEBOO, Warden,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Cosme Sanchez Ramirez, commenced this civil action by filing a complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), in which he alleges that the defendants have violated his constitutional rights. Specifically, the plaintiff asserts that Dr. Mace-Leibson, Clinical Director of the Federal Correction Institution in Gilmer, West Virginia ("FCI Gilmer"), and Kuma Deboo, Warden of FCI Gilmer, denied the plaintiff a soft diet despite the fact that he cannot chew because he has no upper teeth. Additionally, the plaintiff alleges that the defendants denied him medication for stomach pains, and instead instructed him to purchase medication from the commissary. Because the plaintiff is allegedly indigent, however,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

the plaintiff states that he could not purchase the necessary medication.[2]

The case was referred to United States Magistrate Judge James E. Seibert for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.01 and 28 U.S.C. §§ 1915(e) and 1915A. Finding that immediate dismissal of the plaintiff's claim was not appropriate, the magistrate judge entered an order to answer.

Thereafter, the defendants filed a motion to dismiss, or alternatively, motion for summary judgment based on the plaintiff's alleged failure to fully exhaust administrative remedies. Following review, the magistrate judge issued a report and recommendation recommending that the defendants' motion to dismiss, or alternatively, motion for summary judgment be granted, and that the plaintiff's complaint be dismissed with prejudice.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The plaintiff filed objections. For the reasons set forth below,

---

[2]Magistrate Judge Seibert's report and recommendation includes a detailed description of the plaintiff's medical history. This Court believes that a full recitation of the plaintiff's medical history is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section III of Magistrate Judge Seibert's report and recommendation.

this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In their motion to dismiss, or alternative, motion for summary judgment, the defendants argue that (1) the plaintiff failed to fully exhaust his administrative remedies; (2) the plaintiff cannot establish a claim for deliberate indifference to his medical condition; (3) the plaintiff has failed to establish a claim for supervisor liability; and (4) the defendants are entitled to qualified immunity. The plaintiff, in response, reiterates his original claim that he was denied a soft diet. The plaintiff also claims that his upper gum was bruised severely and continues to cause him pain.

The magistrate judge recommended that the plaintiff's claims be dismissed because the plaintiff failed to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C. § 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The Bureau of Prisons' ("BOP") formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the

formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, a review of the plaintiff's administrative history in SENTRY reveals that he has not exhausted administrative remedies regarding his current complaints. The plaintiff fully exhausted his administrative remedy concerning his request for dentures. Nevertheless, the plaintiff filed two additional grievances related to this case, but failed to fully exhaust his remedies. The plaintiff filed a remedy regarding stomach pains on February 26, 2009. The plaintiff did not appeal the warden's response received the next day. Furthermore, on May 11, 2009, the plaintiff filed a remedy complaining that he continued to have stomach problems. The warden again denied his remedy, and the plaintiff did not appeal this response within the required time limitations. Therefore, the

plaintiff has failed to fully exhaust his administrative remedies in regard to these claims.

In his objections to the magistrate judge's report and recommendation, the plaintiff asserts that he did exhaust his administrative remedies. The plaintiff's objections, however, constitute nothing more than general assertions unsupported by any evidence.

Furthermore, this Court agrees with the magistrate judge's recommendation that even assuming the plaintiff had exhausted administrative remedies, his complaint should be dismissed for failure to state a claim upon which relief can be granted. Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

First, the plaintiff has failed to establish a deliberate indifference claim. A plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs in order to state a claim under the Eighth Amendment for ineffective medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A medical

condition is serious in two circumstances.  First, a serious medical condition exists when it has been diagnosed by a physician as mandating treatment, or the condition is so obvious that even a lay person would recognize the need for medical care.  <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1990), <u>cert. denied</u>, 500 U.S. 956 (1991).  Second, a medical condition is serious if a delay in treatment causes a lifelong handicap or permanent loss.  <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert. denied</u>, 486 U.S. 1006 (1988).

Moreover, to succeed on an Eighth Amendment deliberate indifference claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious"; and (2) the prison official subjectively acted with a "sufficiently culpable state of mind."  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).  This second subjective component is satisfied when the prison official acts with deliberate indifference.  <u>Id.</u> at 303.  In <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990), the court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."

In this case, Magistrate Judge Seibert determined that even if the plaintiff's lack of teeth and his stomach ailment are serious

medical conditions, the plaintiff's medical records establish that the plaintiff received adequate medical supervision at FCI Gilmer for these conditions. The plaintiff, thus, cannot demonstrate that his medical needs were not timely or properly treated. As the magistrate judge also recognized, the plaintiff failed to comply with medical staff by purchasing medication from the commissary as directed. Accordingly, the plaintiff has failed to establish an Eighth Amendment claim for deliberate indifference.

Second, the supervisor liability is inapplicable in this Bivens action. Under § 1983, liability is "personal, [and] based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). The plaintiff names defendant Deboo, it appears, in her official capacity as the Warden of FCI Gilmer. An official capacity suit is to be treated as a suit against the entity, here the United States. Kentucky v. Graham, 473 U.S. 159, 166 (1985). The state may be liable under § 1983 when "execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. In this case, the plaintiff fails to assert that an official policy or custom played a role in the alleged violation of his constitutional rights.

To the extent that the plaintiff alleges that defendant Deboo is liable under supervisor liability, this claim must also fail. Supervisory defendants may be held liable under § 1983 if the

following is met: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." Miltier v. Beorn, 896 F.3d 848, 854 (4th Cir. 1990). The plaintiff must show that a supervisor's inaction amounted to deliberate indifference or tacit authorization of the offense practiced. Id. Supervisory liability is not established merely by showing that a subordinate was deliberately indifferent to a plaintiff's needs. Id. In medical care claims, supervisors can rely on the judgment of the medical staff to determine the course of treatment. Id. Supervisor liability is not established in this case because the plaintiff has failed to allege, much less establish, that defendant Deboo tacitly authorized or was indifferent to an alleged violation of constitutional rights. Id. Moreover, because Dr. Mace-Leibson was not the medical provider who allegedly denied the plaintiff dentures,³ she also cannot be held liable under the theory of supervisory liability. Accordingly, the plaintiff's claims against these defendants must be dismissed.

IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's

---

³The dentist allegedly denied the plaintiff dentures.

objections to the report and recommendation lack merit, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendations in its entirety.  Accordingly, the defendants' motion to dismiss, or alternatively, motion for summary judgment is GRANTED, and the plaintiff's complaint is DENIED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objections was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the <u>pro se</u> plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    August 5, 2010

<pre>                             /s/ Frederick P. Stamp, Jr.   
                             FREDERICK P. STAMP, JR.
                             UNITED STATES DISTRICT JUDGE</pre>